UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC<br><br>                              Plaintiffs,<br><br>     v.<br><br>United States,<br><br><br>                              Defendant. | Court No. 24-00025<br><br>Complaint |

## COMPLAINT

Plaintiffs Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC, by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of, *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished from the People's Republic of China* as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Final Results *Federal Register* notice published at 89 Fed. Reg. 1,548 (January 10,

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 2

2024).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Shanghai Tainai Bearing Co., Ltd ("Tainai") is a Corporation organized under the laws of the People's Republic and/or Hong Kong. Plaintiff C&U Americas, Llc ("C&U") is a Corporation organized under the laws of the United States. Plaintiff Tainai produced Tapered Roller Bearings in the People's Republic and exported the same to the United States. Plaintiff C&U imported, distributed and sold Tapered Roller Bearings in the United States. Both parties were active participants in the Administrative Review and Tainai was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 3

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on February 9, 2024, which was within thirty days after the date of the publication of the final results in the *Federal Register*. Plaintiffs are filing this complaint on February 20, 2024, which is within thirty days from the date of the filing of the Summons in  accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7.    On August 9, 2022, pursuant to a request for review filed on June 30, 2022 by Koyo Bearings North America LLC, on behalf of the U.S. domestic industry, the Department initiated the Administrative Review underlying this matter.  See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 87  Fed. Reg. 48459 (August 9, 2022).

8.    Between September 4, 2022 and May 22, 2023, plaintiffs submitted responses to the Department's questionnaires.

9.    On July 7, 2023 the Department published the preliminary results for the administrative review.   Plaintiff Tainai was assigned a rate of 27.02%.  See *Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China: Preliminary Results of Antidumping Duty*

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 4

*Administrative Review; 2021-2022*, 88 Fed. Reg 43290 (July 7, 2023).

10.    On August 8, 2023, plaintiffs filed an administrative case brief with the Department of Commerce challenging the preliminary results.

11.    On August 14, 2023, the domestic industry filed an administrative rebuttal brief with the Department of Commerce,

12.    On January 4, 2024, the Department issued the final results.   On January 10, 2023,  these results were published in the Federal Register at 89 Fed. Reg. 1548.   In the final results the Department assigned a rate of 24.78% based on "partial" adverse facts and using an alternate calculation methodology based on a differential pricing analysis.   The rate assigned to Tainai was assigned to all other respondents found to be qualified to receive a separate rate.

**STANDARD OF REVIEW**

13.    The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 5

with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539

(1992). Decisions of the Commerce Department "must be supported by adequate

reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29,

2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70

(July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip

Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means

'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion,' taking into account the entire record,

including whatever fairly detracts from the substantiality of the evidence." *Atlantic*

*Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984)

(footnote omitted).

14.    This Court must hold as unlawful any decision by the Department,

which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

15.    The allegations of paragraphs 1 through 14 are incorporated by

reference and restated as if fully set forth herein

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 6

16.    The Department's decision to take partial adverse inferences is not supported by the facts.

17.    With respect to the inputs to which partial adverse facts were applied, there is no missing information.    The Department valued these inputs using surrogate values for finished inputs, and thus the factors of production that go into these inputs is not relevant.

18.    The Department cannot take adverse inferences in the absence of missing information and the Department's determination to do so was arbitrary and capricious and an abuse of discretion.

## COUNT TWO

19.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

20.    Tainai fully responded and provided all of the information in its possession.  The allegedly missing information was information of unrelated third parties that refused to provide such information to Tainai.

22.    The taking of partial adverse inferences where the missing information was not relevant to the determination and where the failure to provide the data was the result of a refusal of unrelated parties is not appropriate.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 7

23.    The taking of partial adverse inferences was arbitrary and capricious and an abuse of discretion.

## COUNT THREE

24.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

25.    The Department deducted payments of 301 duties from U.S. price.  Such duties should not have been deducted from U.S. price.

26.    The Department's deduction of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

## COUNT FOUR

27.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

28.    The Department did not include all payments received from the customer on the sales of goods as part of the price paid.  Rather, the Department did not include payments collected from the customers for 301 duties which exceeded the amount of the 301 duties actually paid.   All payments received from the Customer should have been included in the evaluation of the U.S. sales.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 8

29.    The Department's capping of payments received from Customers by the amount of 301 duties from U.S. price is arbitrary and capricious and an abuse of discretion.

## COUNT FIVE

30.    The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein.

31.    The Department found that there was a pattern of prices that differ significantly among purchasers, regions, or time periods.

32.    The facts establish that there was no variance among a significant proportion of CONNUM's during the POR and a super majority were sold at only two prices during the POR.

33.    The Department's analysis was flawed and did not take into account the specific facts at issue.

33.    Where there is no more than 1 price change during the POR for a supermajority of the CONNUM's at issue, there can be no valid finding of a pattern of prices that differ significantly among purchasers, regions or time periods.

34.    In the absence of evidence of prices that differ significantly among purchasers, regions or time periods, and in the presence of evidence that the

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 9

supermajority of prices did not change or changed only once, the application of the

alternate method to calculate the margins is not supported.

35.    The Department should not have used the alternate method to calculate

the margins and should not have applied any adjustment based on the differential

pricing analysis.

*Shanghai Tainai Bearing Co., Ltd. et al v. United States*
Court No 24-00025
February 20, 2024
Page 10

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to five of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

/s/ David J. Craven

David J. Craven
Counsel to Shanghai Tainai Bearing
Co., Ltd. and C&U Americans, LLC

Date February 20, 2024

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
dcraven@craventrade.com