**UNITED STATES COURT OF INTERNATIONAL TRADE**

SHANGHAI TAINAI BEARING CO., LTD., C&U AMERICAS, LLC, and ZHEJIANG JINGLI BEARING TECHNOLOGY CO., LTD.,

*Plaintiffs*,

v.

UNITED STATES,

*Defendant*.

Before: Stephen Alexander Vaden, Judge

Consol. Court No. 1:24-cv-00025

**ORDER**

The Court is in receipt of the Defendant's proposed status report detailing its violation of this Court's preliminary injunction in the above captioned case. Def.'s Mot., ECF No. 24. Previously, the Court issued preliminary injunctions prohibiting the Government from liquidating any import entries at issue in the lead and consolidated cases.[1] *See* Order Granting Injunction, *Shanghai Tainai Bearing Co. v. United States*, No. 24-25, ECF No. 12; Order Granting Injunction, *Zhejiang Jingli Bearing Technology Co. v. United States*, No. 24-38, ECF No. 16. In its diligence, the Plaintiff discovered and informed the Government that it had liquidated entries in violation of the Court's injunction. *See* Def.'s Mot. at 4, *Shanghai Tainai*, ECF No. 24. The Court notes that this is not the only recent instance where the Government

[1] The Court consolidated these two cases on April 5, 2024, with *Shanghai Tainai Bearing Co. v. United States* as the lead case. *See* Consolidation Order, *Shanghai Tainai*, No. 24-25, ECF No. 20.

has violated a liquidation-related injunction from this Court. *See Titan Tire Corp. v. United States*, No. 23-233, ECF No. 46 (Aug. 6, 2024). The Court also notes shortcomings in the Defendant's proposed status report.[2] The Government now avers that it has reversed the wrongful liquidation and claims Shanghai Tainai Bearing Co., Ltd. ("Shanghai Tainai") is satisfied with its corrective action. Def's Mot. at 4, *Shanghai Tainai*, ECF No. 24.

A violation of an injunction is a serious matter. *See, e.g.*, *Pasadena City Bd. of Ed. v. Spangler*, 427 U.S. 424, 439 (1976) (noting "the rightly serious view courts have traditionally taken of violations of injunctive orders"); *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349, 1356 (Fed. Cir. 2015) ("It is well established that violations of a court's order are punishable as criminal contempt ...."). In other cases, the Government often lacks Shanghai Tainai's forgiving attitude toward injunction violations; but the Government should remain mindful that the law applies equally to its own conduct. Accordingly, it is hereby:

**ORDERED** that the Defendant shall provide a response detailing its violation of this Court's injunction. That response shall include a table identifying each entry subject to the Court's injunctions in both consolidated cases. The table must also identify:

**(1)** The dollar value of the entry;

---

[2] The proposed status report states that a preliminary injunction was entered in Case No. 24-38 on March 25, 2024, and cites to ECF No. 12 of that case for support. Def's Mot. at 3, *Shanghai Tainai*, ECF No. 24. This conflates the injunctions issued in the two underlying cases. The injunction in Case No. 24-38 was issued on March 5, 2024, at ECF No. 16. The injunction issued in Case No. 24-25 was issued on March 25, 2024, at ECF No. 12. As a result of this error, the Court cannot determine which of its two injunctions the Defendant violated.

**(2)** Which plaintiff is associated with the entry;

**(3)** Whether the Defendant liquidated that entry;

**(4)** When the entry was liquidated; and

**(5)** When the Defendant restored the entry to unliquidated status?

The Government's response should also answer the following questions:

**(1)** Which of the Court's two injunctions did the Defendant violate?

**(2)** What was the total dollar value of all the entries liquidated?

**(3)** How does that dollar value compare, as a percentage, to the total dollar value of entries subject to the Court's injunctions?

**(4)** What caused the Defendant to act in violation of the Court's injunction?

**(5)** What steps has the Defendant taken or will the Defendant take to avoid a future violation of the Court's injunctions?

The response shall be filed no later than 5 PM EST on Wednesday, August 28, 2024.

**SO ORDERED.**

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: August 22, 2024
New York, New York