NON-CONFIDENTIAL

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| Shanghai Tainai Bearing Co., Ltd. and C&U Americas, LLC, <br><br>                  Plaintiffs, <br>   and <br><br> Zhejiang Jingli Bearing Technology Co., Ltd., <br><br>              Consolidated Plaintiff, <br><br><br>     v. <br><br> United States. <br><br>                Defendant. | Cons. Ct No. 24-00025 |

**REPLY OF PLAINTIFFS**
**SHANGHAI TAINAI BEARING CO., LTD. AND**
**C&U AMERICAS, LLC, TO RESPONSE OF DEFENDANT**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
      Counsel for Plaintiffs

Dated: January 6, 2025

TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT............................1

    A.  Introduction ................................................1

    B.  Summary of Argument ................................1

II.   ARGUMENT..................................................2

    A.  The Use of Cohen's D is a Tool and Does Not Overturn the Actual Facts
       .......................................................2

    B.  The Statute Does Not Support the Use of Differential Pricing Analysis in
       Review........................................................6

    C.  The Supplemental Authority Does Not Support the Proposition for Which
       it is Cited........................................................7

III.  CONCLUSION..................................................8

TABLE OF AUTHORITIES

Court:

*Garg Tube Export LLP et al. v. United States*, Slip Op. 24-124 (Ct. Int'l Trade, November 7, 2024)..........................................................................6, 8

*JBF RAK LLC. v. United States,* 790 F.3d 1358 (Fed. Cir. 2015) .................6

*Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (2024)..................6,7

Administrative:

Rule 56.2 of the Rules of the U.S. Court of International Trade................2, 4

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

### A. Introduction

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade and the Court's Amended Scheduling Order of September 30, 2024,  Plaintiffs Shanghai Tainai Bearing Co., Ltd  and C&U Americas, LLC respectfully submit this reply to the Response of defendant United States of America ("response) to the Motion and Memorandum presented by plaintiffs ("Memo").  As demonstrated below, the arguments submitted by the defendant are unavailing, and this matter should be remanded to the Department of Commerce with direction that they recalculate the margin and cash deposit rate without the application of differential pricing.

### B. Summary of Argument

The primary issue in this appeal is not complicated.   The department calculated the margin using differential pricing analysis and did not use the normal method for calculating the margins.   The department improperly applied the differential pricing analysis under two separate and distinct prongs.   The first of these was a failure to properly implement the statute which does not contemplate the use of differential pricing analysis in administrative reviews.   The second of these is a factual analysis which shows that  there was no pattern of prices that differed significantly among purchasers, regions or time periods.   The facts unequivocally

show that prices were consistent and did not differ significantly among purchasers, regions or time periods.

Under either of these two prongs, plaintiffs must necessarily prevail. In addition, the supplemental authority is both not controlling and is inapplicable to the case at bar.

Plaintiff primarily relies upon its case brief in chief, and submits that the arguments of the defendant do not overturn its arguments presented therein.

## II.    ARGUMENT:

### A. The Use of Cohen's D is a Tool and Does Not Overturn the Actual Facts

At pages 18 to 26 of its response, the defendant argues that it properly applied the differential pricing analysis, and in support therefore, argued almost solely based on the non-statutory, non-regulatory Cohen's D analysis which plaintiffs submit overturns the plain language of the statute and ignores the facts of record. In doing so, defendant argues that the highly complex Cohen's D analysis, which necessarily includes comparisons beyond the specific CONNUM detail, overcomes the plain facts in this case. Complexity, however, does not equal accuracy, and in this case, the plain facts establish that the statutory test for the use of the alternate calculation methodology – that of whether prices vary significantly based on purchaser, region or time period – is simply not satisfied.

Initially, the Defendant tries to argue that its analysis must be based on comparable products, which it defines as based on the "CONNUM" (Response of Defendant at page 21). Defendant argues that Plaintiff's claims that it did not include the CONNUM, or somehow claimed a need for more detail beyond the CONNUM, ignores the Defendant's claim that its analysis "incorporates" the CONNUM. This is not an accurate statement of Plaintiff's position.

Contrary to the claims of defendant, Plaintiffs agree that the analysis should be based on a CONNUM by CONNUM basis, and that the level of detail in the CONNUM is sufficient to performing this analysis. Where plaintiffs disagree is that in making its analysis, the Defendant then takes the individual CONNUM data and compares it to data from outside the individual CONNUM to determine whether prices within the CONNUM vary significantly based on purchaser, region or time period. While defendant's analysis does technically "incorporate" the CONNUM, it also uses a further "test group" in the comparison which necessarily includes non-comparable merchandise as it includes merchandise from outside of the specific CONNUM. (Response of Defendant at 4-5.) The Department's analysis, for purposes of Cohen's D, has compared products of significantly differing sizes and types.

In contrast, the "simple" analysis presented by plaintiffs establish an absence of significant variation of price based on purchaser, region or time period. The data

Non-Confidential

shows, as reflected in the 56.2 memo of plaintiffs, and as provided in Exhibit RCB-1, which has been updated to reflect the inadvertently omitted CONNUM, there are no significant variances within each CONNUM.   To the extent that the prices vary between CONNUM's, it is because the CONNUM's are not directly compatible because they are of bearings of different sizes and make-ups and necessarily have different prices due to these physical differences.

Critically, it shows that [ ] of the sales were made at one price and [ ] were made at a second price, that [ ] of the sales were made at a third price, [ ] of the sales were made at a fourth price, and [ ] of the sales were made at a fourth price. In other words [ ] of all merchandise in all CONNUM's changed price no more than once. The top four CONNUM's by quantity had ONE price change and such top 4 CONNUM's represented [ ] of all sales.   The CONNUM's with more than 1 price change represented only [ ] of all sales and the CONNUM's with more than 2 price changes represented [ ] of all sales.     Furthermore, while the prices between CONNUM's showed significant differences, the prices within the CONNUM's did not show a significant difference.   (Using the plain and ordinary meaning of significant.)  Using the four largest CONNUM by volume, which represented nearly [ ] of all sales,  the price change ranged from [ ] to [ ].

In response to this "simple" argument, defendant points to a single CONNUM which was apparently omitted from the Exhibit CB-1 analysis and suggests that this

Non-Confidential

shows "significant" changes.   Plaintiff does not know why such CONNUM was

inadvertently omitted, and apologizes for any confusion that this may have caused,

but submits that this single omission is ultimately of no moment.   While the price

for this single CONNUM did change 5 times, such changes were in a narrow band

from [


.]  Furthermore, the percentage of sales represented by this CONNUM  only

represent [ ] of the total of sales.  (See Exhibit RCB-1) This is, at most, an outlier of

a small quantity of sales within a much larger universe of sales.  To the extent that

it is significant, which plaintiffs submit that it is not, it is significant for a very small

quantity of sales.

In sum, the actual facts demonstrate that the Cohen's D analysis used by the

Department in this review was misapplied and such Cohen's D analysis necessarily

did not analyze the data on a comparable merchandise (CONNUM) basis, but rather

only incorporated the comparable merchandise in a broader analysis.  This broader

analysis necessarily compared dissimilar merchandise.

Based on these clear, albeit simple and straightforward set of facts, the use of

an alternate method in this review was not appropriate and the arguments presented

by Defendant do not overcome such argument.

### B. The Statute Does Not Support the Use of Differential Pricing Analysis in Review

At pages 27 to 34 of its response, the defendant argues that the U.S. Supreme Court decision in *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (2024) does not disturb the differential pricing analysis. Plaintiff disagrees. While *Loper Bright* does not, itself, overturn differential pricing analysis, nor does it directly overturn other administrative determinations, where such actions are based on an interpretation of a law, it does raise questions as to the legal underpinning of the action. In this case, as set forth in the brief in chief, the primary case enabling the Department to apply differential pricing analysis in administrative reviews was expressly predicated on the Federal Circuit providing *Chevron* deference to the Department in the finding of a gap and in interpreting the law. *JBF RAK Llc. v. United States,* 790 F.3d 1358 (Fed. Cir. 2015) The elimination of *Chevron* deference does not mean that and administrative action predicated on the use of Chevron deference is automatically overturned. Rather, it means that any such precedent being applied in another matter can, and should, be examined by the Court to determine whether such decision is grounded in the law. The Court is the ultimate arbiter of the meaning of the law. As clearly stated in the *Loper Bright* opinion "*Chevron* is overruled. Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright* 144 S.Ct. 2244 at 2273.

Accordingly, as presented in the plaintiffs' Brief in Chief, this Court should review the statute and determine whether the plain language of the statute contains any gaps, and if so, exercise its independent judgment in deciding whether the Department has acted within its statutory authority.   For the reasons presented in our brief in chief, we submit this is the case.

### C.  The Supplemental Authority Does Not Support the Proposition for Which it is Cited

In its notice of supplemental authority the Defendant brings to the Court's attention the opinion in *Garg Tube Export LLP et al. v. United States*, Slip Op. 24-124 (Ct. Int'l Trade, November 7, 2024) and cites it for the proposition that *Loper Bright* has no impact on the differential pricing analysis.    This supplemental authority should be discounted.

Initially, as clearly stated in the opinion, the plaintiff in *Garg* did not challenge the applicability of the differential pricing analysis at the administrative level, and thus failed to exhaust its administrative remedies.   In the case at bar, plaintiffs have challenged the application of differential pricing analysis at the administrative level (and thus have exhausted their administrative remedies.)(APPX86123 - 86125) This is an important distinction, as the Court in *Garg* needed to conduct a different analysis – whether the *Loper* decision would not materially affect the decision – and not the actual issue.

Secondly, the opinion is from another Judge on the U.S. Court of International

Trade, and not from a higher court, and is thus not controlling. It is, at best, persuasive. This Court may choose to grant whatever weight it deems appropriate and is not bound by this decision.

Thirdly, the primary substance of the opinion goes to issues relating to the application of adverse facts – an issue not present in this matter.

In sum, the opinion in *Garg* should be given no weight in the Court's analysis.

### III.   <u>CONCLUSION</u>

Plaintiffs submit that the arguments presented by defendant are unavailing and that this matter should be remanded to Commerce with instructions consistent with the points set forth in this memorandum. Specifically, the Court should find:

- The Department improperly applied differential pricing analysis in this review as the statute does not authorize the use of differential pricing analysis in reviews;
- If the Department is authorized to use differential pricing analysis, the facts in this matter establish that the use of an alternate method of comparison is not appropriate in this matter as the actual pricing do not vary significantly based on Customer, Region or Time Period, but rather are differences between different groups of comparable merchandise based on physical characteristics.

This matter should be remanded to the department with the direction that the department modify the final results to correct the errors in the final determination. By doing so, the department will be properly instructed by the Court to correct

these clear errors.

         Respectfully submitted,

         /s/ David Craven
         David Craven

       Counsel to Shanghai Tainai Bearing Co., Ltd.
       and C&U Americas, LLC

Dated: January 6, 2025

Exhibit RCB-1

Non-Confidential

| CONNUM | Total Qty | % of total | Most Sales per CONNUM | | | 2nd Most Sales per CONNUM | | | 3rd Most Sales per CONNUM | | | 4th Most Sales per CONNUM | | | 5th Most Sales per CONNUM | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Price | Qty | Pct | Price | Qty | Pct | Price | Qty | Pct | Price | Qty | Pct | Price | Qty | Pct |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |
| [ | | | | | | | | | | | | | | | | | ] |